**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Demetrece R. Welch,

                Petitioner,                Case Number: 2:21-10144
                                            Honorable Arthur J. Tarnow

v.

Noah Nagy,

                Respondent.

_____/

**OPINION AND ORDER (1) DISMISSING PETITION FOR WRIT OF**
**HABEAS CORPUS WITHOUT PREJUDICE, (2) DENYING PETITIONER'S**
**MOTIONS, (3) DENYING A CERTIFICATE OF APPEALABILITY, AND**
**(4) GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Michigan prisoner Demetrece R. Welch has filed a *pro se* petition for writ of

habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.)  He is presently incarcerated at the

G. Robert Cotton Correctional Facility, serving a six to twenty year sentence for assault

with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84.

Petitioner does not challenge the constitutionality of his murder conviction.  Instead, he

argues that his continued confinement violates the Eighth and Fourteenth Amendments

because the risk of contracting Covid-19 in the prison setting is particularly high.  The

Court dismisses the petition without prejudice, denies a certificate of appealability, and

grants leave to proceed *in forma pauperis* on appeal.  The Court also denies Petitioner's

pending motions.

# I. Discussion

## A. Petition for Writ of Habeas Corpus

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the

Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950

F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust*,

17 F.3d at 160.

Petitioner does not satisfy his burden. He neither alleges nor establishes that he

has exhausted available remedies in the state courts. Petitioner has at least one available

procedure by which to raise the issues presented in his pleadings. For example, he may

file a state habeas petition because he seeks a determination on the legality of his

continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d

482, 486 (Mich. Ct. App. 1986). He may also seek relief, even release, by civil action in

state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v.*

*Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority

of courts to order the release of prisoners confined under conditions violating their Eighth

and Fourteenth Amendment rights."). *See also Hurst v. Rewerts*, No. 1:20-cv-680, 2020

WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion

grounds, noting that relief may be available to petitioner by way of a habeas corpus

petition or civil action filed in the state court); *Money v. Pritzker*, 2020 WL 1820660, *21

(N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because

petitioners had "not made a satisfactory showing that the state court system was not every

bit as available as the federal courts, if not more so [to resolve emergency COVID-19

motion]").

Finally, Michigan courts have shown a willingness to consider the Covid-19

pandemic and the need to mitigate the virus's spread when making pretrial and post-

conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners).

Petitioner has not shown that relief for his claims is unavailable to him in the Michigan courts. The petition, therefore, will be dismissed for failure to satisfy the exhaustion requirement.

## B. Pending Motions

Also before the Court are several motions filed by Petitioner. First, Petitioner seeks reconsideration of the order amending the case caption. Petitioner named as defendants the warden of his current place of confinement and the director of the Michigan Department of Corrections. The Court amended the case caption to name only the warden as a respondent in this matter. Petitioner argues that the Court mistakenly applied the standards of 28 U.S.C. § 2254, rather than § 2241 when issuing its Order. Where a habeas petitioner challenges his current confinement, the only proper respondent is the warden of the facility where the petitioner is being held. *Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Petitioner challenges his current confinement and, therefore, the Court did not err in amending the case caption. The motion will be denied.

Petitioner also has filed a motion to supplement his petition. Petitioner's proposed amendments, which provide additional support for claims already raised in the petition, would not alter the Court's decision dismissing the petition for failure to exhaust state court remedies. Therefore, any amendment would be futile at this point in time. *See Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1001 (6th Cir. 2006). The Court will deny this motion without prejudice to Petitioner's right to raise these arguments after exhausting his state court remedies.

Finally, Petitioner's motion for preliminary injunction will be denied as moot in light of the dismissal of this action.

## II. Conclusion

For the reasons stated, the Court concludes that Petitioner did not exhaust available state court remedies before seeking federal habeas review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court also **DENIES** Petitioner's Motion for Reconsideration (ECF No. 4), Motion to Supplement (ECF No. 5), and Motion for Preliminary Injunction (ECF No. 6.)

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court

5

was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of

appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal as

an appeal can be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.


s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2021